UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23372-CIV-ALTONAGA/Goodman

**LOURDES MARIA ARAGON**,

    Plaintiff,

v.

**KILOLO KIJAKAZI**,[1] Acting Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

On August 13, 2020, Plaintiff, Lourdes Maria Aragon, filed a Complaint seeking review of Defendant's decision denying her supplemental security income. (*See generally* Compl. [ECF No. 1]). The matter was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Thereafter, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 23], and Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, filed a Motion for Summary Judgment ("Defendant's Motion") [ECF No. 24].

On June 21, 2021, Magistrate Judge Goodman entered his Report and Recommendation ("Report") [ECF No. 26], recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and enter a final judgment in favor of Defendant. The Report advised the parties they had 14 days to file objections to the Report. (*See id.* 16–17). To date, no objections have been filed.

---

[1] Plaintiff initially brought suit against Andrew Saul, the Acting Commissioner of the Social Security Administration at the time of filing. Since then, Kilolo Kijakazi replaced Andrew Saul as the Acting Commissioner. According to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the suit's Defendant.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (alterations added; citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Report summarizes Plaintiff's background and the procedural history of this case; acknowledges the standard of review in an appeal of an adverse benefits decision; lays out the five-step analysis required by 20 C.F.R. sections 416.920(a) and 404.1520 for a disability determination; describes the findings of the Administrative Law Judge ("ALJ") at each step; and carefully considers and evaluates Plaintiff's arguments that the ALJ failed to (1) support the findings with substantial evidence and (2) assess Plaintiff and her mother's "subjective complaints about the severity of her symptoms and the limitations caused by her symptoms." (Report 7).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Magistrate Judge Goodman's

Case No. 20-23372-CIV-ALTONAGA/Goodman

Report and agrees with his conclusion that Plaintiff's Motion should be denied, Defendant's Motion should be granted, and a final judgment should be entered in favor of Defendant.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 26]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 23]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 24]** is **GRANTED**.

3. Final judgment shall issue separately.

4. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of December, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Jonathan Goodman
      counsel of record